**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

**JOSHUA LEON BEARD**                                                           **PETITIONER**
**Reg. # 88034-509**

**V.**                                    **No.  2:26-cv-00060-BSM-ERE**

**DOE, Warden, Forrest City**                                          **RESPONDENT**

## RECOMMENDED DISPOSITION

This Recommended Disposition ("RD") has been sent to United States District Judge Brian S. Miller. You may file objections if you disagree with the findings or conclusions set out in the RD. Objections must be specific, include the factual or legal basis for the objection, and be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact.

## I.    Background

On April 14, 2026, Joshua Beard, then a Bureau of Prisons ("BOP") inmate at the Federal Correctional Institution in Forrest City, Arkansas, filed a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. *Doc. 1*. In a May 18, 2026 amended petition, he alleged that the BOP was not crediting him with time spent in pre-sentence custody, which delayed his release. *Doc. 4 at 6-7*. For relief, Mr. Beard asked the Court to order the BOP to apply the days spent in pre-sentence custody toward his sentence and "grant immediate release if the corrected calculation shows Petitioner has completed his sentence." *Id. at 8*.

On June 10, 2026, Respondent filed a response, asserting that the petition should be dismissed as moot because Mr. Beard is no longer in custody, or, alternatively, because Mr. Beard failed to exhaust administrative remedies. *Doc. 8.*

## II.   Discussion

"Under Article III of the United States Constitution, federal courts may hear only actual cases or controversies." *Hillesheim v. Holiday Stationstores, Inc.*, 903 F.3d 786, 790 (8th Cir. 2018). "Generally, a claim is moot when 'changed circumstances already provide the requested relief and eliminate the need for court action.'" *Id.* at 791 (quoting *McCarthy v. Ozark Sch. Dist.*, 359 F.3d 1029, 1035 (8th Cir. 2004)); *Miller v. Whitehead*, 527 F.3d 752, 754 (8th Cir. 2008) (dismissing as moot appeals by inmates seeking placement in prerelease custody where the BOP placed the inmates in residential reentry centers). A habeas petitioner's release from custody does not always render the petition moot. However, the "case-or-controversy requirement subsists throughout" the case and the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (cleaned up).[1]

---

[1] In *Spencer v. Kemna*, 523 U.S. 1, 17-18 (1998), an inmate filed a habeas petition challenging his parole revocation on due process grounds, but before the district court could act, he was released on parole and his term of imprisonment expired. The Court held that the petitioner's release from prison rendered the petition moot because he could no longer satisfy Article III's injury-in-fact requirement.

In his amended petition, Mr. Beard asks that time spent in pre-sentence custody be applied to his sentence and for immediate release from custody. Given Mr. Beard's release from BOP custody,[2] the Court can no longer grant effective relief. There being no live controversy, the Court lacks jurisdiction to entertain the petition.[3]

## III.   Conclusion

IT IS THEREFORE RECOMMENDED that Mr. Beard's petition and amended petition for a writ of habeas corpus (*Docs. 1, 4*) be DISMISSED, WITHOUT PREJUDICE, for lack of subject matter jurisdiction.

Dated 16 June 2026.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] The BOP website shows that Mr. Beard was released from custody on June 4, 2026. *See* https://www.bop.gov/inmateloc/.

[3] An exception to the constitutional mootness doctrine exists for controversies that are capable of repetition while evading review. However, that exception applies only when there is a reasonable expectation that the petitioner will be subject to the same action again, which is not the case here. See *Spencer*, 523 U.S. at 17-18 (concluding that the capable-of-repetition doctrine did not apply where petitioner could not demonstrate a reasonable likelihood that he would once again be paroled and have that parole revoked).

In addition, the Supreme Court has presumed that even after the satisfaction of a prison sentence, a wrongful conviction has continuing collateral consequences sufficient to support an Article III case or controversy. *Id*. at 8 (citing *Sibron v. New York*, 392 U.S. 40, 55–56 (1968)). However, Mr. Beard does not challenge his conviction. He challenges the administration of his sentence.